**IN THE UNITED STATES DISTRICT COURT**
**FOR THE  SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

|  |  |
|---|---|
| SIRENA H. CADY,<br><br>            Plaintiff,<br><br>v.<br><br>INTERNAL MEDICINE ASSOCIATES<br>OF WAYCROSS, P.C. d/b/a<br>WAYCROSS INTERNAL MEDICINE,<br><br>            Defendant. | Civil Action No.<br><br><br>**DEFENDANT'S NOTICE OF REMOVAL** |

## NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA, WAYCROSS DIVISION, PLAINTIFF SIRENA CADY AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that Defendant Internal Medicine Associates of Waycross, P.C. d/b/a Waycross Internal Medicine ("Waycross" or "Defendant") removes this action from the Superior Court of Ware County, State of Georgia to the United States District Court for the Southern District of Georgia, Waycross Division, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

1

## INTRODUCTION

1.      On or about February 28, 2025, Plaintiff Sirena H. Cady ("Plaintiff") filed a Complaint against Defendant in the Superior Court of Ware County, State of Georgia, captioned "*Sirena H. Cady v. Internal Medicine Associates of Waycross, P.C. d/b/a Waycross Internal Medicine*", Case No. SUV2025000108 ("Complaint"), alleging race and age discrimination and retaliation in violation of the following federal statutes: 42 U.S.C. § 2000e ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), and 29 U.S.C. § 621 ("ADEA"). A true and correct copy of the Complaint is attached as **Exhibit A** filed with this notice. *See* **Exhibit A**, ¶¶ 147-152; 153-161; 162-168;169-178; 179-183.

2.      Plaintiff also asserted a defamation claim against Defendant in the Complaint under Georgia state law pursuant to O.C.G.A. § 51-5-4. *See* **Exhibit A**, ¶¶ 184-190.

3.      Plaintiff served Defendant with a copy of the Summons, Complaint, Interrogatories, Requests for Admissions, and Requests for Production of Documents on March 5, 2025. *See* Decl. of Alex M. Barfield, ¶ 4. No other process, pleadings or orders have been served on Defendant. *Id*. at ¶ 5.

4.       Defendant has not yet answered or otherwise responded to the Complaint or discovery requests. *Id*. at ¶ 6.

2

5.      Thus, this Notice of Removal is timely filed because it is filed within thirty (30) days of service of the Complaint on Defendant from which it ascertained that this case is removable pursuant to 28 U.S.C. §1331.

6.      In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and filed with the Clerk of the Superior Court of Ware County, State of Georgia. True and correct copies of the Notice to Plaintiff and Superior Court of Removal of the Civil Action are attached hereto as **Exhibits B and C**, respectively. Accordingly, all procedural requirements under 28 U.S.C. §1446 are satisfied.

7.      Venue is proper in this District pursuant to 28 U.S.C. §1441(a) because the removed case was pending in a State Court within this District.

8.      This action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1331 (federal question jurisdiction), 1441(c) (original jurisdiction over state claims through joinder), and 1367 (original jurisdiction over state claims involving the same case or controversy) and may be removed to this Court pursuant to 28 USC. § 1441(a) on the following grounds:

**<u>FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1331</u>**

9.      A district court has federal-question subject matter jurisdiction when an action arises under the Constitution, laws, or treatises of the United States. *Schleider*

3

*v. GVDB Operations, LLC*, 121 F.4th 149, 155 (11th Cir. 2024) (citing 28 U.S.C. § 1331).

10.   Under the well-pleaded complaint rule, "a federal question is 'presented' when the complaint, on its face, invokes federal law as the basis for relief." *Schleider v. GVDB Operations, LLC*, 121 F.4th 149, 156 (11th Cir. 2024).

1.   On its face, Plaintiff's Complaint asserts several causes of action against Defendant under federal law. Specifically, the Complaint claims discrimination and retaliation against Defendant pursuant to 42 U.S.C. § 2000e (Title VII), 42 U.S.C. § 1981 (Section 1981), and 29 U.S.C. § 621 (the ADEA). *See* **Exhibit A**, ¶¶ 147-152; 153-161; 162-168;169-178; 179-183.

11.   It is well-settled that the federal district courts have original jurisdiction over such claims. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156,  164-65 (1997).

## **JOINDER OF STATE LAW CLAIM UNDER 28 U.S.C. § 1441(C)**

12.   The Complaint also asserts a state law defamation claim against Defendant, in addition to the retaliation and discrimination claims pursuant to Title VII, Section 1981, and the ADEA. The defamation claim is the only remaining claim asserted against Defendant in the Complaint outside of the aforementioned discrimination and retaliation claims.

13.    28 U.S.C. § 1441(c) provides, "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 ... is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed, and the district court may determine all issues thereon, or in its discretion, may remand all matters in which State law predominates." *Largent v. Thermocarbon, Inc.*, No. 611CV335ORL19DAB, 2011 WL 13323113, at *3 (M.D. Fla. Apr. 15, 2011) (citing 28 U.S.C. § 1441(c)).

14.    Section 1441(c) simply provides that:

(1) If a civil action includes--

(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

(B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,

the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

15.    Here, the entire action, including both Plaintiff's discrimination and retaliation claims under federal law and defamation claim under state law, may be removed to the District Court because her federal law claims would be removable without inclusion of her state law claim.

## SUPPLEMENTAL JURISDICTION UNDER 28 U.S.C. § 1367

16.    Section 1367(a) of Title 28 authorizes a court to hear supplemental claims to the full extent allowed by the 'case or controversy' standard of Article III of the Constitution. *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742-43

(11th Cir. 2006) (citing *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1566 (11th Cir. 1994)).

17.    Plaintiff's Complaint centers on the termination of her employment. *See generally*, **Exhibit A**.  Prior to her termination, Defendants employed Plaintiff in a "managerial position" within its medical practice. *Id*. at ¶¶ 10-11. In her defamation claim, she asserts that she was falsely "accused of illegally tampering with the [Defendant's] computer systems in order to obtain access to the subject patient files." *Id*. at ¶¶ 185, 188. Plaintiff asserts that the improper access of patient medical records was a reason Defendant cited for her termination during the meeting at which it terminated Plaintiff's employment. *Id*.at ¶¶ 132-38. Plaintiff further asserts that Defendants stated that she "was fired for violating the law (HIPPA)." *Id*. at ¶ 140.

18.    To support her defamation claim, Plaintiff incorporates all of the facts relied upon in support of her discrimination and retaliation claims, as set forth in her Complaint. *Id*. at ¶ 184.

19.    As such, Plaintiff's Complaint makes clear that all of her claims arise out of the same case or controversy, and the Court has supplemental jurisdiction over Plaintiff's defamation claim pursuant to Section 1367(a).

20.    It is also noteworthy that, under Georgia law, the issue of falsity is critical to any defamation analysis, and the burden to prove that a published

statement is false rests squarely with the plaintiff. *Krass v. Obstacle Racing Media, LLC*, 667 F. Supp. 3d 1177, 1201 (N.D. Ga. 2023) (citing *Bryant v. Cox Enters., Inc.*, 715 S.E.2d 458, 463 (Ga. App. 2011)). According to the Complaint, Plaintiff alleges Defendant falsely accused Plaintiff of committing illegal crimes in violation of the Health and Information Privacy Protection Act (HIPPA). *See* **Exhibit A**, ¶¶185-187. HIPPA is a federal statute and therefore, the crux of Plaintiff's defamation claim will depend on whether Plaintiff actually violated federal law by accessing patient documents of the Defendant.

WHEREFORE, Defendant respectfully gives notice that the action now pending in the Superior Court of Ware County, State of Georgia, is hereby removed to the United States District Court for the Southern District of Georgia, Waycross Division.

This 4th day of April, 2025.

**TUCKER ELLIS LLP**

*/s/ Alex M. Barfield*

_____

Alex Barfield
Georgia Bar No. 037147
Alex.barfield@tuckerellis.com
Ronald G. Polly, Jr. *Pro Hac Vice Motion Forthcoming*
Georgia Bar No. 583264
ron.polly@tuckerellis.com
3344 Peachtree St. NE– Suite 1925
Atlanta, GA 30326

Telephone:   (404) 678-6364
Facsimile:    (404) 678-6380
*Counsel for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

|  |  |
|---|---|
| SIRENA H. CADY,<br><br>               Plaintiff,<br><br>v.<br><br>INTERNAL MEDICINE ASSOCIATES<br>OF WAYCROSS, P.C. d/b/a<br>WAYCROSS INTERNAL MEDICINE,<br><br>               Defendant. | Civil Action No. |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the above **NOTICE OF REMOVAL** electronically, which will send notification of such filing to the following person:

David Michael Conner
dmconner@theconnerlawgroup.com
17 Park of Commerce Blvd., Ste 101
Savannah, Georgia 31405

This 4th day of April, 2025.

/s/ Alex M. Barfield

_____

Alex M. Barfield
Georgia Bar No. 037147